UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SCOTT ROBERT STURTEVANT
and MELINDA KAY STURTEVANT,

        Plaintiffs,                         Case No. 1:07-CV-834

v.                                                 Hon. Gordon J. Quist

MICHAEL E. NYE and SHERRY
BOHANON,

        Defendants.
_____/

## **OPINION**

Plaintiffs, Scott and Melinda Sturtevant, filed suit against Defendants, Michael Nye and Sherry Bohanon, in their individual capacities for violating their right to due process. Specifically, Plaintiffs allege that Defendants denied their right to due process by sending them a motion and order to show cause why they should not be held in contempt for failing to appear at a delinquency hearing regarding their daughter's non-enrollment in school. Defendant Nye, arguing that he is entitled to absolute judicial immunity and that this Court should abstain in lieu of ongoing state proceedings, has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b). Because the Court should abstain from deciding Plaintiffs' claims, the Court will grant Defendant's motion and dismiss the case.

## **Analysis**

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). All factual allegations in the complaint must be presumed to be

true, and reasonable inferences must be made in favor of the non-moving party. 2 Moore's Federal Practice, ¶ 12.34[1][b] (Matthew Bender 3d ed.2003). The Court need not, however, accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

Plaintiffs allege a violation of their due process rights because Defendants served them with a motion and order to show cause why they should not be held in contempt for failing to appear at a delinquency hearing. Apparently, there were criminal and civil proceedings initiated against Plaintiffs because their daughter was not enrolled in school. After presenting evidence that they were home-schooling their daughter, the criminal proceedings were dismissed. However, the independent civil proceedings continued. On May 9, 2007, a summons, signed by Truant Officer Defendant Bohanon, was issued ordering Plaintiffs to appear at a truancy hearing in Hillsdale Probate Court. Plaintiffs allege that they did not receive this summons. When they failed to appear, Judge Nye issued the motion and order to show cause why they should not be held in contempt. Plaintiffs, seeking monetary and injunctive relief, then filed suit in this Court alleging due process violations.

Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts should abstain when a plaintiff invokes federal jurisdiction as a means of challenging on-going state-court judicial proceedings. *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006). "There are three requirements for proper invocation of *Younger* abstention: (1) there must be on-going state judicial proceedings; (2) those

2

proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* (internal quotations and citation omitted). All three requirements are met in the present case.

First, there are on-going judicial proceedings against Plaintiffs. The truancy hearing and motion and order to show cause were pending at the time Plaintiffs filed the federal suit, and they remain pending until Plaintiffs "have exhausted their available state appellate remedies. *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003). Second, these proceedings implicate important state interests. The State of Michigan has a substantial interest in enforcing its truancy laws. Furthermore, Plaintiffs have an adequate opportunity in the state proceeding to present their constitutional challenges. Therefore, "because the state truancy proceedings meet the test for *Younger* abstention, this Court must abstain from litigating plaintiffs' challenges to the institution of truancy charges against them." *Hartfield v. E. Grand Rapids Pub. Sch.*, 960 F.Supp. 1259, 1267 (W.D. Mich. 1997). Although Defendant Nye was the party filing the motion, because abstention also applies to Plaintiffs' claims against Defendant Bohanon, the Court will grant the motion with respect to both Defendants.

An order consistent with this opinion will be filed.


Dated: October 23, 2007                          /s/ Gordon J. Quist
                                                 GORDON J. QUIST
                                                 UNITED STATES DISTRICT JUDGE